IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KEVIN M. TAPP,

      Plaintiff,

v.                                                                    CIVIL ACTION NO. 2:25-cv-471

JOHN PHELAN,
Secretary of the Navy, *et al.,*

      Defendant.

## *MEMORANDUM OPINION AND ORDER*

Before the Court is the United States' Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(4) and 12(b)(5). ECF No. 6 ("Mot. Dismiss"). The United States brings the Motion on behalf of the Navy and only as to official capacity claims asserted against the Federal Defendant. *Id.* The United States filed a Memorandum in Support of the Motion. ECF No. 7 ("Mem. Supp."). Plaintiff Kevin Tapp ("Tapp") filed a Response in Opposition. ECF No. 11 ("Resp. Opp'n"). The United States replied. ECF No. 12 ("Reply"). The Court has considered the parties' memoranda, and this matter is now ripe for judicial determination. Upon review, the Court finds that a hearing on these Motions is not necessary. *See* Va. Local Civ. R. 7(J). For the reasons stated herein, the United States' Motion to Dismiss is **GRANTED.**

## I.   FACTUAL AND PROCEDURAL HISTORY

Stated in the light most favorable to Plaintiff, the following alleged facts are drawn from the Complaint, ECF No. 1 ("Compl."), and attachments thereto. Because Defendant's Motion comes before the Court on the basis of insufficient service of process, the Court details only those facts that are relevant to disposition of this Motion.

1

On March 21, 2020, Rear Admiral Michael Wettlaufer, Commander of the Military Sealift Command ("MSC"), and Commodore Janice Smith issued an order restricting all civilian mariners, including Plaintiff and similarly situated employees, from leaving their ships as a result of the COVID-19 pandemic. Compl. ¶ 5. Tapp alleges this "unlawful quarantine" lasted from March 2020 to March 2023. *Id.* ¶ 19.

On August 4, 2025, Tapp filed the instant Complaint advancing seven counts, including: Intentional Age Discrimination Under the ADEA, Age Discrimination Under the ADEA, Religious Discrimination Under Title VII, Deprivation of Property and Liberty Interests, Involuntary Servitude, Prohibited Personnel Practices Under 5 U.S.C. § 2302(b)(12), Adverse Personnel Actions and Constructive Suspension Under the Civil Service Reform Act. *See* Compl.

The Complaint names four defendants: Terrence Emmert, the Acting Secretary of the United States Department of the Navy, in his official capacity; Rear Admiral Michael Wetlaufer, in both his individual and official capacities; Commodore Janice Smith, in both her individual and official capacities; and John Does 1-10 as unknown individuals employed by or acting on behalf of the MSC or the Department of the Navy, individually and in their official capacities. *Id.*

Within one day of filing, Plaintiff sent copies of the Complaint via United States Postal Service Express Mail to five Federal Defendants: the Department of the Navy, the United States Attorney for the Eastern District of Virginia, the Attorney General of the United States, Rear Admiral Wettlaufer, and Commodore Smith. Resp. Opp'n at 1. Plaintiff also sought summonses from the Court and retained Hester Services, Inc., to execute service of process. *Id.* at 2. Hester Services, Inc., effected service on the U.S. Attorney for the Eastern District of Virginia on September 10, 2025, and the Attorney General of the United States on September 11, 2025. *Id.* Plaintiff caused service to be attempted on the Department of the Navy with a summons addressed

to the Secretary of the Navy at 1000 Navy Pentagon, Washington, DC, on September 11, 2025. ECF No. 11-4, Ex. D.

## II.   LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(4) challenges "the form of the process," while a motion under 12(b)(5) challenges the "manner or method of its service." *Chandler v. Maynard*, No. 3:22CV94, 2023 WL 3234318, at *2 (E.D. Va. May 3, 2023). Once service is challenged, the plaintiff bears the burden of establishing adequate service. *Id.* A pro se plaintiff is not exempt from effecting service "in substantial compliance with [Fed. R. Civ. P.] 4," even where the defendant receives actual notice of the suit against it. *Scott v. Maryland State Dep't of Lab.*, 673 F. App'x 299, 305–06 (4th Cir. 2016) (quoting *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013)). A plaintiff's "failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998) (citing *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)).

## III.   DISCUSSION

The United States moves this Court to dismiss the Complaint on the basis of insufficient process and insufficient service of process on Defendants, as required by FRCP 12(b)(4) and 12(b)(5). Mem. Supp. at 1.

### A.   Insufficient Process Pursuant to FRCP 12(b)(4)

The United States first argues Tapp failed to obtain summonses for each named Defendant and failed to obtain a properly addressed summons for serving the Navy. Mem. Supp. at 6. The Court addresses each argument in turn.

*i. Failure to obtain summons for each Defendant*

The United States argues that Tapp did not obtain or serve a summons on Commodore Janice Smith or any of the John Does 1-10, resulting in insufficient process for those parties. Mem. Supp. at 6-7. Tapp provided no response to this argument in his response. *See* Resp. Opp'n. Specifically, Tapp makes no suggestion that he attempted to obtain summonses or that summonses were properly obtained for Commodore Smith or the John Does 1-10. *Id.* Tapp also does not acknowledge any attempt to cure the defect in the time since. Fed. R. Civ. P. 4(m) requires service on the defendant "within 90 days after the complaint is filed," mandating dismissal if the plaintiff fails to meet that time limit without showing "good cause for the failure." Fed. R. Civ. P. 4(m). While "good cause" is a flexible standard, it is generally found where factors outside of the plaintiff's control cause the untimely service. *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019). Because Tapp provides no explanation for the failure to obtain summonses for these Defendants, the Court is unable to find "good cause" to warrant an exception here. As such, the counts against Commodore Janice Smith and John Does 1-10 in their official capacities will be dismissed without prejudice.

*ii. Failure to obtain properly addressed summons to serve the Navy*

Still remaining are the counts against the Department of the Navy and Rear Admiral Michael Wetlaufer, in both his individual and official capacities.[1] *See* Compl. The United States identifies multiple defects in Tapp's attempt to serve the Navy. First, Tapp named Acting Secretary of the Navy, Terence Emmert, as the recipient to receive service for the Navy, instead of the General Counsel of the Navy, who is the listed and sole designee for such service. Mem. Supp. at

---

[1] The counts against Commodore Janice Smith and John Does 1-10 in their individual capacities still remain and will be addressed in a later section.

4

7. Additionally, Tapp attempted to serve the Navy at the Pentagon; however, "the Navy does not accept service at the Pentagon." Mem. Supp. at 7.

The Navy provides publicly available instructions on its website, including the addresses where the Navy, the Secretary of the Navy, or any employee sued in their official capacity may be served. *Id.* ("In accordance with Rules 4 and 45 of the Federal Rules of Civil Procedure, 32 C.F.R. § 257.5(c), and Secretary of the Navy Instruction 5820.8A, anyone wishing to serve a summons, complaint, subpoena, or any other legal process on the Department of the Navy, the Secretary of the Navy, or any employee of the Department of the Navy in their official capacity, must send the documents to the address below: General Counsel of the Navy, Naval Litigation Office, 720 Kennon St. SE, Bldg 36, Room 233, Washington, Navy Yard, DC 20374-5013."). "This is codified by regulation and Navy instructions." *Id.* The regulation specifies that the General Counsel of the Navy is the "sole delegate for service of process" on behalf of the Secretary of the Navy. *Id.* at 8.

Tapp "does not dispute that service on the Department of the Navy must comply with Rule 4(i)(2) and applicable regulations designating the Navy General Counsel as the proper recipient." Resp. Opp'n at 3. However, Tapp views the defect as technical in nature and one that can be cured. *Id.* The Court sees no reason to excuse the defect in Tapp's attempt to serve the Navy at the proper address and delegate, nor does Tapp provide any reason to explain the discrepancies. *Id.* Information to facilitate proper service is listed on the Department of the Navy's website, and Tapp is represented by counsel, not proceeding pro se. Tapp provides no reason for the Court to disregard the Rules under these circumstances, and the Court sees none either. As such, the counts against the Department of the Navy are dismissed without prejudice.

**B.      Insufficient Service of Process Pursuant to FRCP 12(b)(5)**

On its second challenge, the United States argues that service of process was not timely effectuated within 90 days as required by Rule 4(m), and that the Federal Defendants were not properly served. Mem. Supp. at 9. Solely remaining for review are the counts against Rear Admiral Michael Wetlaufer, in both his individual and official capacities. *See* Compl. Given the interconnected and somewhat convoluted nature of this issue, the Court will address these challenges together.

The United States argues that Tapp's service was not timely as required by Federal Rules of Civil Procedure 4(c)(1) and 4(m). Mem. Supp. at 9. Rule 4(m) requires a plaintiff to serve the summons and complaint within 90 days from the complaint's filing. Fed. R. Civ. P. 4(m). As of the filing of the United States' Motion to Dismiss, which was 140 days after the Complaint's filing, Plaintiff had not filed any proof of service or server's affidavits to demonstrate sufficient service of process. Mem. Supp. at 9. In his Opposition, Plaintiff provides as exhibits three server affidavits and their respective summons addressed to the United States Attorney's Office in the Eastern District of Virginia at 101 West Main Street in Norfolk, Virginia served on September 10, 2025; the Attorney General of the United States at the Department of Justice at 950 Pennsylvania Avenue Northwest in Washington, D.C. served on September 11, 2025; and the Secretary of the Navy at 100 Navy Pentagon in Washington, D.C. with attempted service on September 11, 2025. ECF Nos. 11-2, 11-3, 11-4.

Tapp's exhibits in his Opposition show that his service processor served summons to the respective parties on September 10th and 11th, which would be timely under Rule 4(m). Under Rule 4(l), Tapp was also required to file the service affidavit with the Court. Fed. R. Civ. P. 4(l). Although Tapp likely should have filed the affidavits within or near the 90-day deadline required

6

for service under Rule 4(m), the Court will take notice of the affidavit as submitted in the Opposition.

However, merely filing the server's affidavits does not satisfy the requirements for service. As noted by the United States, Tapp sent copies of the Complaint via United States Postal Service Express Mail. ECF No. 11-1. The relevant Rule reads as follows:

> **(1)** To serve the United States, a party must:
>     **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>         **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>     **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>     **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

Service via United States Postal Service Express Mail does not constitute a proper form of service under Rule 4. *See Tracy ex rel. Est. of Tracy v. Angelone*, No. 2:02CV00057, 2002 WL 31002841 (W.D. Va. Sept. 5, 2002). To properly serve the United States, Tapp needed to send a copy or the summons and complaint by registered or certified mail to each of the appropriate parties as indicated by Rule 4(i). Fed. R. Civ. P. 4(i).[2] Tapp argues that, because he served the United States Attorney for the Eastern District of Virginia and the Attorney General, Rule 4(i)(4)(A) governs here and requires the Court to allow him "a reasonable time to cure." Resp. Opp'n at 2-3. However, on August 5, 2025, Tapp sent the U.S. Attorney and the Attorney General copies of the complaint only via Express Mail. Rule 4(c)(1) requires that "[a] summons must be

---

[2] The Court has already determined the counts against the Department of the Navy will be dismissed as a result of insufficient process under Rule 12(b)(4). The court notes here that service of process on the Department of the Navy would also be insufficient to satisfy the requirements of Rule 12(b)(5).

7

served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Tapp did not request the summons until August 29 and did not serve a summons on the U.S. Attorney or the Attorney General until September 10 and 11, so he could not have included the summons when he sent the copies of the complaint via Express Mail on August 5. ECF 11-2, 11-2. In sum, sending only the complaint via Express Mail, rather than a copy of the summons *and* the complaint via registered or certified mail, is insufficient to satisfy the requirements under Rule 4(i)(4), which would be necessary to trigger any mandatory time to cure.

Turning to the final Federal Defendant, Tapp names Rear Admiral Michael Wetlaufer in both his individual and official capacities. *See* Compl. Rules 4(i)(2) and 4(i)(3) are instructive here. Rule 4(i)(2) requires "[t]o serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee. Fed. R. Civ. P. 4(i)(2). Rule 4(i)(3) requires "[t]o serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3). At a minimum, either rule requires that, in order to properly serve Rear Admiral Wetlaufer, Tapp must have served the United States properly. Tapp did not provide the United States with copies through registered or certified mail and offers the Court no explanation for this blatant disregard of the Rules' explicit requirement. In light of this defect, in addition to his failure to serve the summons he attempted on the proper address or designee, the Court need not continue through the analysis. The Court cannot

8

find that Tapp adequately effected service on Rear Admiral Wetlaufer in his official capacity and will dismiss the counts against him without prejudice.

## C.      Individual Claims

Although the Federal Defendants' counsel does not represent the Federal Defendants in their individual capacities, the Court will briefly address those claims *sua sponte*. *See Blackstone Int'l, Ltd. v. Zhejiang Mikia Lighting Co.*, No. CV GLR-19-243, 2021 WL 100692 (D. Md. Jan. 12, 2021) (recognizing that the court may address insufficient service on parties *sua sponte* as long as the party is given an opportunity to demonstrate, and the court adequately ascertains, the extent of the party's effort to effectuate service). As stated above, Rule 4(i)(3) requires that Tapp timely and properly serve the United States with a copy of the summons and complaint for each of the officers he is suing in their individual capacities, in addition to properly serving the parties according to Rule 4(e). Fed. R. Civ. P. 4(i)(3), 4(e). The Court has already determined that Tapp has not done so here, after Tapp was given full opportunity to demonstrate his efforts to effect service in his Opposition. As a result, the Court does not have proper jurisdiction over those defendants in their individual capacities and must dismiss those counts without prejudice as well.

## IV.      CONCLUSION

For the foregoing reasons, the United States' Motion to Dismiss (ECF No. 6) is **GRANTED.** The Complaint is dismissed without prejudice.

The Court **DIRECTS** the Clerk to provide a copy of this Memorandum Opinion and Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
August  5  , 2026

_____
Raymond A. Jackson
United States District Judge